## UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF LOUISIANA

**TOMMIE D. LADNER**

**VERSUS**

**OCHSNER CLINIC FOUNDATION**

**CIVIL ACTION**

**NUMBER:**

**SECTION:**

**MAGISTRATE:**

**JURY TRIAL REQUESTED**

## COMPLAINT FOR DAMAGES

TO THE HONORABLE, THE UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF LOUISIANA, AND THE JUDGES THEREOF:

The complaint of Tommie D. Ladner, a person of the full age of majority, through undersigned counsel, with respect represents that:

I.

Plaintiff, Tommie D. Ladner, is a resident of and domiciled in Pass Christian, Mississippi.

## II.

Defendant, Ochsner Clinic Foundation, is a corporation authorized to do and doing business in Louisiana with its domicile in Jefferson Parish, Louisiana and within the jurisdiction of this Honorable Court.

## III.

At all times pertinent hereto, defendant, Ochsner Clinic Foundation, owned, operated, and managed Ochsner Medical Center (hereinafter referred to as "Ochsner") located at 1516 Jefferson Highway, New Orleans, Louisiana and within the jurisdiction of this Honorable Court.

## IV.

After a screening colonoscopy on September 10, 2009, plaintiff was diagnosed with rectal cancer.  He thereafter received neoadjuvant chemotherapy radiation.

## V.

On February 10, 2010, plaintiff underwent an operation at Ochsner which consisted of a laproscopic proctectomy with coloanal anastomosis as well as mobilization of splenic flexure and a loop ileostomy.  Following this surgical procedure, plaintiff was discharged from Ochsner on February 18, 2010.

## VI.

After his discharge from Ochsner, plaintiff experienced rectal and abdominal pain and anorexia.  He underwent a CT scan at Ochsner which revealed a retained foreign body to the right of his ileostomy.  Plaintiff then had a Gastrografin enema, which demonstrated a coloanal anastomosis with no evidence of contrast extravasion.

VII.

On April 9, 2010, plaintiff was required to undergo a second surgery at Ochsner to remove the sponge that had been left in his abdomen during the first operation.  This surgical procedure consisted of an exploratory laparotomy, removal of the foreign body (sponge), lysis of adhesions, right hemicolectomy, and distal small bowel resection.  Subsequent to this operation, plaintiff suffered a wound infection with purulent drainage from the incision which required that the incision be opened and packed with wet-to-dry dressings.  Plaintiff was discharged from Ochsner on April 17, 2010.

VIII.

After his second discharge from Ochsner, plaintiff suffered severe medical problems including infections and fascial dehiscience, difficulty with bowel movements, abdominal pain, perianal irritation and pain associated with loose stools, and hemorrhoidal pain.

IX.

Due to these medical problems, plaintiff presented to the emergency room at Hancock Medical Center in Bay St. Louis, Mississippi on June 7, 2010 where a CT scan was performed. This scan demonstrated an ileus pattern with a moderately dilated small bowel and colon and a minimal amount of free fluid.  On June 8, 2010, plaintiff was admitted into Hancock Medical Center and he was discharged on June 12, 2010.

X.

Since June 12, 2010, plaintiff has continued to suffer severe medical problems secondary to the sponge being left in his abdomen during the February 10, 2010 surgery at Ochsner and the surgery that he needed to remove that foreign object.  These medical problems have required additional and extensive treatment and hospitalizations.

XI.

As a result of the foregoing, plaintiff has suffered severe physical pain, keen mental anguish and emotional distress; he has required extensive medical care and hospitalizations; he has been handicapped in his daily living activities; he has incurred medical, hospital, medication, and related expenses and he will incur such expenses in the future; he has sustained residual and permanent disabilities and impairments, both physical and mental; he has been unable to undergo the treatment that he requires for his rectal cancer and, thus, he has lost a chance to recover from and/or survive that disease; he has suffered extreme depression and anxiety; and, he will require hospital, medical, and related care in the future.

XII.

At all times pertinent hereto, all of the physicians, nurses and other healthcare providers who examined, treated, and/or provided care to plaintiff while he was a patient at Ochsner including, but not limited to, his surgery on February 10, 2010, were employees of defendant and/or defendant was and is responsible for all their acts and/or omissions.

XIII.

The medical problems suffered by plaintiff since the February 10, 2010 surgery at Ochsner and his resulting damages were legally and proximately caused by the failure of defendant, Ochsner Clinic Foundation, and its physicians, nurses, officers, agents, employees, and those for whom it is legally responsible to meet the applicable standards of medical care and by their negligent acts and/or omissions in their diagnosis, treatment and care of plaintiff.

XIV.

On July 20, 2010, a Request for Review was filed on behalf of plaintiff with the Louisiana Division of Administration to form a Medical Review Panel to determine whether

defendant and those for whom it is responsible breached the applicable standards of care.  Prior to a finding by the Medical Review Panel, the parties agreed to proceed to this litigation.

XV.

Jurisdiction of this matter is based upon diversity of citizenship, 28 U.S.C. Section 1332, and the matter in controversy, exclusive of interest and costs, exceeds the sum of $75,000.

XVI.

Louisiana R.S. 40:1299.42(B)(1) is unconstitutional and violative of plaintiff's rights of due process and equal protection, and deprives him of an adequate remedy, pursuant to Article I, Section 22 of the Louisiana Constitution, and is discriminatory in that it creates a class of people who cannot be fully compensated for their losses.

XVII.

The Medical Malpractice Act, in toto, creates a classification of plaintiffs based on physical condition and is violative of Article I, Sections 3 and 22 of the Louisiana Constitution.

XVIII.

Petitioner further contests the constitutionality of Louisiana R.S. 40:1299.41, *et seq.*, as this statute violates the original jurisdiction of district courts, the separation of powers, and the prohibition of the legislature from regulating the jurisdiction of courts and from granting special or exclusive rights, privileges or immunities, under the Louisiana Constitution.

XIX.

Plaintiff is entitled to and requests a trial by jury.

WHEREFORE, plaintiff, Tommie D. Ladner, prays that defendant, Ochsner Clinic Foundation, be served with a copy of this complaint and after proceedings are had, plaintiff prays for judgment in his favor and against defendant, Ochsner Clinic Foundation, for all amounts reasonable in the premises, together with legal interest thereon from July 20, 2010 (the date on

which the Request for Review was received by the Louisiana Division of Administration) until paid, for all costs of these proceedings, for all appropriate and equitable relief, and for a trial by jury.

Respectfully submitted,

**GAINSBURGH, BENJAMIN, DAVID, MEUNIER & WARSHAUER, L.L.C.**

BY: _s/ Irving J. Warshauer_
      **IRVING J. WARSHAUER**
      **BAR NO. 13252**
      2800 Energy Centre
      1100 Poydras Street
      New Orleans, Louisiana 70163-2800
      Telephone:  (504) 522-2304
      Facsimile:  (504) 528-9973
      iwarshauer@gainsben.com
      Attorneys For Plaintiff

**PLEASE SERVE:**

Ochsner Clinic Foundation
Through its attorney of record:
Don S. McKinney, Esq.
Adams and Reese LLP
One Shell Square
701 Poydras Street, Suite 4500
New Orleans, Louisiana 70139